IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 4:11CR3116 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | FINDINGS, RECOMMENDATION, AND |
| | ) | ORDER |
| ABRAHAM RICHARDSON, | ) | |
| | ) | |
| Defendant. | ) | |

The defendant has moved to suppress all evidence obtained during the search of his residence on February 3, 2011. Filing No. 32. The search was conducted pursuant to a warrant issued by the undersigned magistrate judge. The defendant claims the warrant application lacked sufficient information to support a finding of probable cause, and that it was so lacking in indicia of probable cause as to render an officer's reliance on the warrant objectively unreasonable. The defendant has filed the search warrant application, warrant, and warrant return for the court's review. See filing no. 35.

The court has reviewed the warrant application. For the reasons discussed below, the defendant's motion to suppress should be denied without a hearing.

STANDARD OF REVIEW

Sufficient probable cause exists to issue a search warrant if there is a "fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). In assessing the existence of probable cause, the court does not evaluate each piece of information in a warrant application independently, but considers the cumulative meaning of all of the facts. United States v. Allen, 297 F.3d 790, 794 (8th Cir. 2002).

STATEMENT OF FACTS

On February 1, 2011, Special Agent Lawrence Sattley with Homeland Security Investigations submitted a warrant to the undersigned magistrate judge for consideration. As explained in his affidavit, Agent Sattley has extensive experience and training in the investigation of criminal violations relating to child exploitation and child pornography, including violations pertaining to the production, distribution, receipt, and possession of child pornography through computer media. Agent Sattley's affidavit outlines his own information and that of Barry W. Couch, an FBI Special Agent in Rochester, New York. The warrant affidavit (see filing no. 35-1) includes the following information.

Computer users use publicly available P2P software to trade digital files between computers. A shared file can be downloaded from one computer (the sharing computer) to another computer identified by its Internet Protocol (IP) address to receive shared files. Mobile devices, such as cellular phones or "Smartphones," can be used to access the internet but do not have the Windows-based operating system needed for using a P2P file-sharing program. But tethering can be used to connect a BlackBerry or other internet-capable mobile device to a computer device with a Windows-based operating system. The Blackberry can then be used to access P2P shared files.

On March 1, 2010, Agent Couch connected to the internet using a computer equipped with a P2P file-sharing program. Using the computer's P2P file-sharing capabilities, the agent noticed that someone identified by username "Littleyummies" was logged onto the P2P network. Littleyummies had previously sent Agent Couch a friend request, thereby allowing the agent to view and download the 682 files that Littleyummies had selected to share from his computer through P2P sharing. During two separate sessions on March 1, 2010, Agent Couch had observed and downloaded images depicting child pornography from Littleyummies' shared files. Through the use of utility software, Agent Couch identified the IP address of Littleyummies' computer as 96.14.196.231.


Agent Couch accessed the MaxMind online database and determined that IP address 96.14.196.231 was registered to internet service provider Verizon Wireless. An administrative subpoena was served on Verizon Wireless. Verizon Wireless responded that on March 1, 2010, during the time frames when Agent Couch was downloading files from Littleyummies' computer, IP address 96.14.196.231 was assigned to mobile device number (308) 390-5194. The account for this mobile device was registered to James Neil, 103 Lakeview Circle, apartment 3, Grand Island, Nebraska 68803. Verizon Wireless reported that the account was opened on August 2, 2008, and it was still active.

On August 18, 2010, Agent Sattley received Agent Couch's Report of Investigation, the FBI administrative subpoena to Verizon Wireless and the subpoena return, and a CD containing downloaded images and investigative work product. Agent Sattley looked at the images on the CD and found over 200 files believed to depict child pornography, including the following:

> Folder-Littleyummies/downloadslbaby fuck ge.jpg - This file is an image of a nude male infant lying on his back with an erect adult male penis inserted in his anus.
>
> Folder-Littleyummies/downloads/! 1241760218088.jpg - This file is an image of a nude prepubescent female sitting on top of a nude adult male while being vaginally penetrated by the adult male's erect penis.
>
> Folder-Littleyummies/downloads/1232228508095.jpg - This file is an image of a nude prepubescent female lying on her back with her legs being spread apart by a nude adult male while being vaginally penetrated by the adult male's erect penis.

The residence at 103 Lakeview Circle, apartment 3 in Grand Island, Nebraska is located within the Riverbend Apartment Complex. Police contacted the manager of the Riverbend Apartment Complex, who stated that as of August 12, 2010, Meagan Jones rented 103 Lakeview Circle, apartment 3, and Abraham Richardson was living there without the manager's permission. A records check for Meagan Jones and Abraham Richardson was conducted through the commercial database, CLEAR. The information from CLEAR confirmed that both Meagan

Jones and Abraham Richardson were, at that time, living at 103 Lakeview Circle, apartment 3, Grand Island, Nebraska, and both had a prior address of 4004 Sacramento Circle, Grand Island, Nebraska. The records check through CLEAR also stated the residence at 4004 Sacramento Circle, Grand Island, Nebraska was previously owned by James and Shawna Neil; before Shawna Neil married James Neil, her name was Shawna Jones; and James and Shawna Neil were now living at 505 Oak View Drive, Cabot, Arkansas.

A NCJIS records check revealed Meagan Jones' address to be 103 Lakeview Circle apartment 3, Grand Island, Nebraska, and that she owned a 1997 Pontiac Grand Prix which was previously owned by Shawna and James Neil of 4004 Sacramento Circle, Grand Island, Nebraska. Through NCJIS, Agent Sattley found a criminal probation record dated February 25, 2011 for Abraham Richardson. At that time, Abraham Richardson stated his address was 103 Lakeview Circle, apartment 3 in Grand Island, Nebraska, and stated his cellular telephone number was (308) 390-5194.

A local law enforcement records check of Abraham Richardson revealed at least three reported incidents of indecent exposure (alleged exposure of his penis to young females).

An administrative subpoena was sent to Verizon Wireless on August 20, 2010 requesting subscriber information for the user of IP address 96.14.196.231 during the two P2P file-sharing sessions conducted by Agent Couch on March 1, 2010. Verizon responded that James Neil, 103 Lakeview Circle, apartment 3, Grand Island, Nebraska 68803 had two active mobile numbers – billed as James Neil at (308) 390-5194 and Meagan Jones at (308) 390-6926 – and IP Address 96.14.196.231 was being used by mobile device number (308) 390-5194 when Agent Couch accessed the P2P shared files on March 1, 2010.

During surveillance conducted at 103 Lakeview Circle, apartment 3 on October 5, 2010, law enforcement saw Meagan Jones' vehicle. It was occupied by a male driver and a female

passenger. Based on NCJIS photographs, the officers identified the vehicle occupants as Meagan Jones and Abraham Richardson. The officers observed Mr. Richardson exit the vehicle while speaking on a cell phone.

On October 25, 2010, another administrative subpoena was sent to Verizon Wireless requesting the type of mobile device and tolls for mobile device number (308) 390-5194. Verizon Wireless responded that from July 1, 2009 through May 7, 2010, the number was assigned to a Blackberry Pearl. Thereafter, it was assigned to an LG YX8575. Both devices can be tethered to a computer for full internet access to Windows-based programs.

Based on information obtained from Verizon Wireless on January 18, 2011, on March 1, 2010, the mobile device assigned (308) 390-5194 made calls to, and received calls from, Grand Island, Nebraska.

During surveillance conducted on January 21, 2011, Meagan Jones and Abraham Richardson were observed entering 103 Lakeview Circle, apartment 3.

Based upon his training and experience in child pornography investigations, Agent Sattley knows that persons who distribute, transport, receive, or possess child pornography maintain copies of the child-pornography materials in the privacy and security of their home or some other secure location. Collectors of child pornography maintain their files for several years, keep the files nearby, and rarely destroy correspondence from other child pornography distributors/collectors. Even if they choose to "delete" a file from a computer, the data contained in the file does not actually disappear; rather, the data remains on the hard drive until it is overwritten by new data. Remnants of "deleted" files can be recovered months or even years after being downloaded onto a hard drive, deleted, or viewed via the Internet.

LEGAL ANALYSIS

The defendant claims that the information Agent Couch retrieved from Littleyummies' computer on March 1, 2010 was stale by the time the warrant application was submitted to the court on February 1, 2011. He claims the information was particularly suspect since the IP address at issue was assigned to a mobile device and not a computer. Richardson argues that the information obtained on March 1, 2010 could not be relied on by the court in determining whether there was probable cause to issue a warrant, and absent the March 1, 2010 downloaded file information, probable cause was lacking.

Stale information cannot be considered when assessing probable cause. "Probable cause must exist when a warrant is issued, not merely at some earlier time. . . ." U.S. v. Morrison, 594 F.3d 626, 631 (8th Cir. 2010). There is no bright-line test for determining when information is stale. The court must consider time factors in the context of a specific case and the nature of the crime under investigation. "The lapse of time is least important when the suspected criminal activity is continuing in nature and when the property is not likely to be destroyed or dissipated." U.S. v. Lemon, 590 F.3d 612, 614 (8th Cir. 2010). When investigating ongoing criminal activity, intervals of weeks, months, or even years between the last described act and the application for a warrant does not necessarily make the information stale. Morrison, 594 F.3d at 631; Lemon , 590 F.3d at 614.

Although Richardson claims the information regarding Agent Couch's download of contraband from a mobile device was stale eleven months later, Agent Sattley's warrant application explained that collectors of child pornography retain their files for months or even years, and even "deleted" computer files are not really gone until they are overwritten, which could occur years later (if ever). Littleyummies' P2P file-sharing came from an IP address traced to 103 Lakeview Circle, apartment 3, and remained associated with that residence until at least October 25, 2010. Through independent investigation and surveillance, the police

confirmed that the persons identified as living at 103 Lakeview Circle, apartment 3 on March 1, 2010 (James Neil and Shawna Jones Neil) were very likely related to Meagan Jones, and Meagan Jones and the defendant were still living at 103 Lakeview Circle, apartment 3 as of January 21, 2011. The defendant's criminal history listed three reported incidents of indecent exposure of his penis to young females.

As of March 1, 2010, the IP address for Littleyummies' P2P file-sharing was associated with a Blackberry Pearl mobile device which was, in turn, associated with 103 Lakeview Circle, apartment 3; the IP address at issue remained traceable to 103 Lakeview Circle, apartment 3 as of October 25, 2010; the Blackberry Pearl was registered to relatives of the defendant's girlfriend at the 103 Lakeview Circle, apartment 3 address; and the defendant was still living at 103 Lakeview Circle, apartment 3 only two days before Agent Sattley applied for the warrant. Although a Blackberry Pearl is a mobile device, it lacks the Windows-based operating system required for P2P file-sharing. Since most publicly available P2P file-sharing software can be used only by a computer with a Windows-based operating system, when Agent Couch accessed files on March 1, 2010, the mobile device assigned to (308) 390-5194 must have been tethered to a computer device with a Windows-based operating system. Based on the totality of the facts, and the reasonable inferences from those fact, it was highly likely the computer device with Windows-based technology which was tethered to the Blackberry Pearl on March 1, 2010 was located in 103 Lakeview Circle, apartment 3.

"Possession of child pornography is a crime that is continuing in nature." Lemon, 590 F.3d at 614. As set forth in Agent Sattley's warrant affidavit, those who collect child pornography to keep their files nearby and for extensive time periods, and even if they attempt to delete a file, the file remains on the computer until the space is overwritten. Based on the totality of facts in the warrant affidavit, the information obtained by Agent Couch eleven months earlier was not stale. Lemon, 590 F.3d at 614 (holding evidence of child pornography located 18 months earlier was not stale where the officer stated the IP address and screen name were still

being used, and the based on the officer's training and experience, he explained that collectors of child pornography maintain their collections for a long period of time).

Considered in the totality, the warrant affidavit showed a "fair probability that contraband or evidence of a crime" would be found during the search of computer devices and related items at 103 Lakeview Circle, apartment 3. Gates, 462 U.S. at 238.

Accordingly,

IT IS RECOMMENDED to the Honorable Richard G. Kopf, United States District Judge, pursuant to 28 U.S.C. § 636(b), that defendant's motion to suppress, (filing no. 32), be denied in all respects.

The parties are notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

IT IS FURTHER ORDERED that the trial of this case remains set to commence before the Honorable Richard G. Kopf at 9:00 a.m. on February 27, 2012, or as soon thereafter as the case may be called, for a duration of four (4) trial days. Jury selection will be held at commencement of trial.

January 3, 2012.                              BY THE COURT:


                                              *s/ Cheryl R. Zwart*
                                              United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

-8-